IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

FILED
APR 11 2011
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

Chauncey A. Williams, )
    Plaintiff, )
)
v. ) 1:10cv1290 (TSE/TCB)
)
Gene Johnson, )
    Defendant. )

MEMORANDUM OPINION

Chauncey A. Williams, a Virginia inmate proceeding pro se, has filed a civil rights action, pursuant to 42 U.S.C. § 1983. By Order dated December 16, 2010, plaintiff was directed to (1) pay the $350.00 filing fee or submit an application to proceed in forma pauperis, and (2) particularize and amend his complaint. Plaintiff applied to proceed in forma pauperis and has consented to pay an initial filing fee and to make subsequent payments, pursuant to 28 U.S.C. § 1915(b), until he has paid the full $350.00 filing fee. Plaintiff's institution supplied information on plaintiff's inmate account reflecting that, for the past six months, plaintiff had an average monthly deposit of $0.00 to his inmate account, had an average monthly balance of $0.00, and a balance of $0.00 at the time of inquiry. Therefore, plaintiff will not be required to pay an initial filing fee. See 28 U.S.C. § 1915(b)(1). Plaintiff will be required monthly to remit to the Clerk twenty percent (20%) of any income into the plaintiff's inmate account, if that income causes his inmate account balance to exceed $10.00. 28 U.S.C. § 1915(b)(2). This shall continue until the full filing fee has been paid, even after the case is resolved or dismissed, if necessary.

Plaintiff also submitted an amended complaint, in which he indicates that he wishes to add Larry Huffman (Western Regional Director), G.K. Washington (Central Regional Director),

1

Daniel Braxton (Augusta C.C. Warden), C.F. Wallace (Lunenburg C.C. Warden), A. Sprague (Operations Officer), Lieutenant Newman (Lunenburg Security Officer), and Lieutenant Gallimore (Lunenburg Investigator) as defendants. After reviewing plaintiff's amended complaint, the claims against all of the defendants except Gene Johnson must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.[1] The claims against Gene Johnson must also be dismissed, with the exception of the claim that Williams's rights under the Eighth Amendment have been violated through ongoing unconstitutional prison conditions of which Johnson was personally aware.

## I. Background

The events giving rise to Williams' complaint occurred during his incarceration at Lunenburg Correctional Center ("LCC") and Nottoway Correctional Center ("NCC"). See Compl. 4, ECF No. 1. Williams alleges that his due process rights were violated at a disciplinary hearing relating to a physical altercation between himself and another inmate named Williamson. See Statement of Facts 1, ECF No. 1-2. Williams further claims that his equal protection rights have been violated, see id. 8-18, and that defendant Gallimore retaliated against Williams. See

---

[1] Section 1915A provides:

> (a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
> (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

Am. Compl. 9, ECF No. 6. Finally, Williams alleges that he has been subjected to cruel and unusual punishment at NCC. See Statement of Facts 8-18, ECF No. 1-2.

## II. Analysis

District courts have a duty to construe pleadings by pro se litigants liberally, however, a pro se plaintiff must nevertheless allege a cause of action. Bracey v. Buchanan, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999). To state a cause of action under § 1983, a plaintiff must allege facts indicating plaintiff was deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42 (1988). Thus, each named defendant must have had personal knowledge of and involvement in the alleged violations of plaintiff's constitutional rights for the action to proceed against him. Because Williams fails to allege any facts indicating that Larry Huffman, G.K. Washington, Daniel Braxton, C.F. Wallace, A. Sprague, Lieutenant Newman, and Lieutenant Gallimore are liable to him, the claims against these defendants will be dismissed for failure to state a claim. Additionally, the due process, equal protection, and retaliation claims against defendant Gene Johnson will be dismissed for failure to state a claim. Accordingly, this case will go forward on the sole claim against Gene Johnson that Williams has been subjected to cruel and unusual punishment in violation of the Eighth Amendment.

A. Due Process

Williams argues that his due process rights were violated at a disciplinary hearing because (i) the evidence at the hearing was insufficient to support a disciplinary sanction; (ii) he was not permitted to call witnesses; (iii) the best evidence rule was violated; (iv) the actions of the officers involved in the hearing were unethical; and (v) the penalty imposed at the re-hearing was greater than the penalty imposed at the original hearing, in violation of relevant rules.

3

Because Williams has failed to allege facts sufficient to demonstrate that his due process rights were violated when considered alongside the exhibits that Williams has supplied to the Court, he has failed to state a claim that his rights were violated at this hearing.

Procedural due process claims are analyzed in two steps. First, the Court asks whether there is a liberty or property interest that has been interfered with by the state. See Kentucky Dept. of Corr. v. Thompson, 490 U.S. 454, 460 (1989). Then, the Court asks whether the procedures connected to that deprivation were constitutionally sufficient. Id.

Here, Williams states that the disciplinary hearing resulted in the loss of good time credits, which is a protected liberty interest. See Am. Compl. 3, ECF No. 6. When an inmate is subject to prison disciplinary proceedings that result in the deprivation of a protected liberty interest, he must be afforded the following due process safeguards: (1) the right to appear before an impartial decision-making body; (2) written notice of the charges in advance of the disciplinary hearing; (3) an opportunity to call witnesses and present documentary evidence, provided the presentation does not threaten institutional safety or correctional goals; (4) assistance from an inmate representative if the charged inmate is illiterate or if complex issues are involved; and (5) a written decision by the factfinder as to the evidence relied upon and the rationale behind the disciplinary action. Wolff v. McDonnell, 418 U.S. 539, 563-72 (1974).

Williams fails to state specific facts that demonstrate that the hearing procedures were constitutionally insufficient. Williams fails to allege facts that demonstrate that the decision-making body was not impartial. Additionally, courts may consider exhibits attached to a complaint, and Williams has supplied exhibits that demonstrate that the other due process requirements were met. See United States ex rel. Constructors, Inc. v. Gulf Ins. Co., 313 F. Supp. 2d 593, 596 (E.D. Va. 2004) (citing 5A Charles A. Wright & Arthur R. Miller, Federal

Practice and Procedure § 1357, at 299 (2d ed.1990), cited with approval in Anheuser-Busch v. Schmoke, 63 F.3d 1305, 1312 (4th Cir.1995)). Williams has supplied a copy of the written notice of the charges in advance of the hearing, as well as a copy of the written notice that the hearing had been postponed. See Compl. Exh. A 16-17, ECF No. 1-2. Williams's exhibits also demonstrate that his witnesses' statements were read into the record at the disciplinary hearing, and that Williams was assigned an advisor to assist him with the disciplinary hearing. See id. at 2, 24. Notably, the facts relied upon and rationale behind the disciplinary action are adequately explained in the response to Williams's appeal, a copy of which he provided to the Court. See Compl. Exh. A 5, ECF No. 1-2. Where a conflict exists between "the bare allegations of the complaint and any attached exhibit, the exhibit prevails." U.S. ex rel. Constructors, Inc. v. Gulf Ins. Co., 313 F. Supp. 2d., 593, 596 (E.D. Va. 2004) (citing Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1465 (4th Cir.1991)). Therefore, Williams has failed to demonstrate that his due process rights were violated at the disciplinary hearing, and this claim must be dismissed. Given that Williams already had leave to amend his complaint, the dismissal must be with prejudice.

B. Equal Protection

Williams next argues that his equal protection rights were violated because he has been discriminated against as a member of a suspect class, which he identifies as "indegency [sic]." Williams explains that defendant Johnson is responsible for policies that "caused [Williams] injuries such as (1) opportunity for employment, (2) liberty interest in obtaining property, (3) health-related problems, (4) denial of court access, (5) environmental hazardous situations, (6) religious restraints." See Statement of Facts 8-10, ECF No. 1.

5

The Equal Protection Clause of the Fourteenth Amendment protects against arbitrary classifications by state actors. See U.S. Const. amend. XIV. To succeed on his equal protection claim, Williams must show that (1) he was treated differently from others (2) who were similarly situated and (3) this unequal treatment was the result of intentional or purposeful discrimination. Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001); Blagman v. White, 112 F. Supp. 2d 534, 538 (E.D. Va. 2000). If Williams does not make a threshold showing of disparate treatment, the Court need not assess whether the treatment can be justified under the appropriate level of scrutiny. Ephraim v. Angelone, 313 F. Supp. 2d 569, 573-74 (E.D. Va. 2003); see also Morrison, 239 F.3d at 655.

Here, Williams states only that "ineffective management practices" have resulted in prisoners being housed in conditions that are "dysphoric," which results in their eventual recidivism. See Statement of Facts 13, ECF No. 1. Thus, he has failed to allege facts that demonstrate that he was treated differently than others who were similarly situated as his claims relate to all prisoners and he has not alleged that any inmates received treatment that was different that the treatment that Williams received. Further, he fails to explain the facts that support his claim that his treatment was the result of intentional or purposeful discrimination. Therefore, this claim must be dismissed.

C. Retaliation

Williams's allegations of retaliation by defendant Gallimore also fail to state a claim. Claims of retaliation by inmates are generally treated with skepticism because "[e]very act of discipline by prison officials is by definition 'retaliatory' in the sense that it responds to prisoner misconduct." Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996); Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994) cert. denied, 514 U.S. 1022 (1995). To succeed on such a claim, an

inmate must allege facts sufficient to demonstrate that the alleged retaliatory act "was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right." Adams, 40 F.3d at 75. Thereafter, plaintiff must demonstrate that he suffered some adverse impact or actual injury. ACLU of Md., Inc. v. Wicomico County, Md., 999 F.2d 780, 785 (4th Cir. 1993) (citing Huang v. Bd. of Governors of Univ. of N.C., 902 F.2d 1134, 1140 (4th Cir. 1990)). Additionally, an inmate must come forward with specific evidence "establish[ing] that but for the retaliatory motive, the complained of incident ... would not have occurred." Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995); accord McDonald v. Hall, 610 F.2d 16, 18-19 (1st Cir. 1979); Ponchik v. Bogan, 929 F.2d 419, 420 (8th Cir. 1991) (plaintiff must show that action would not have occurred "but for" the alleged reprisal); accord Collinson v. Gott, 895 F.2d 994, 1002 (4th Cir. 1990) (Phillips, J., concurring).

In the instant complaint, Williams alleges that Gallimore retaliated against Williams by "suggesting that if the petitioner wanted the recent infraction to disappear if criminal prosecution was sought against (D. Williamson), this suggestion was very unappropriate". See Am. Compl. 9, ECF No. 6. It appears that Williams intends to assert that Gallimore's retaliation against Williams was related to the physical altercation between himself and inmate Williamson. Based on these bare allegations, Williams has failed to establish that Gallimore's actions were taken in response to the exercise of a constitutionally protected right or that Gallimore's actions themselves violated a constitutionally protected right. Therefore, this claim must be dismissed with prejudice as Williams already had leave to amend his complaint.

D. Cruel and Unusual Punishment

Williams claims that he has been subjected to cruel and unusual punishment due to the allegedly poor ventilation system, unclean water, lack of opportunity to exercise, "deprivation of

basic sanitation" and materials for personal hygiene, and excessive heat at NCC. See id. Statement of Facts 14-18, ECF No. 1. It appears that Williams only intends to assert this claim against Gene Johnson.

To establish a claim of cruel and unusual punishment, Williams must allege and prove (1) an objectively serious deprivation of a basic human need, one causing serious physical or emotional injury, and (2) that prison officials acted with deliberate indifference to plaintiff's needs. Farmer v. Brennan, 511 U.S. 825, 834 (1994); see Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993) (defining serious deprivation as evidence of a serious medical and emotional deterioration attributable to the challenged condition). The first prong is an objective inquiry and the second prong is a subjective inquiry. See, e.g., Gholson v. Murry, 953 F. Supp. 709, 718-19 (E.D. Va. 1997). As to the first, objective prong, the Supreme Court has stated that "[t]he Constitution, 'does not mandate comfortable prisons,'and only those deprivations denying 'the minimal civilized measure of life's necessities,' are sufficiently grave to form the basis of an Eighth Amendment violation." Wilson v. Seiter, 501 U.S. 294, 298 (1991) (citing Rhodes v. Chapman, 452 U.S. 337, 347, 349 (1981)). And, as to the second, subjective prong, the plaintiff must prove that defendant was "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [defendant] must also draw the inference." Farmer, 511 U.S. at 837. Deliberate indifference is "something more than mere negligence . . . but something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Id. at 835.

As presented, Williams' allegations of a poor ventilation system, unclean water, lack of opportunity to exercise, "deprivation of basic sanitation" and materials for personal hygiene, and excessive heat at NCC may constitute an objectively serious deprivation of a basic human need.

See Gillis v. Litscher, 468 F.3d 488, 493 (7th Cir. 2006) ("A lack of heat, clothing, or sanitation can violate the Eighth Amendment."). However, Williams fails to allege facts that show that defendant Johnson acted to deprive Williams of his constitutional rights, as required under § 1983. Williams believes that Johnson is liable for these alleged violations because at the time relevant to this claim, Johnson was the Director of the Virginia Department of Corrections and should understand "the powers and duties that govern his position." See Compl. 5, ECF No. 1. Williams argues that Johnson has a general duty to oversee the enforcement of laws and rules governing penal institutions in Virginia. See Statement of Facts 11, ECF No. 1. Williams does not claim that Johnson was personally aware of any of the specific facts giving rise to this complaint, nor does he claim that Johnson was personally involved in the alleged violations. Specifically, Williams does not allege facts that show Johnson was "aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed]" or that Johnson "dr[ew] the inference." Farmer, 511 U.S. at 837.

However, Williams argues that Johnson was made aware of these violations through the grievances that Williams filed so that Johnson is liable to him in a supervisory capacity. See Am. Compl. 13, ECF No. 6. Supervisory officials may be held liable in certain circumstances for the constitutional injuries inflicted by their subordinates. See Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994) (citing Slakan v. Porter, 737 F.2d 368 (4th Cir. 1984)). This liability is not premised on respondeat superior, but upon "a recognition that supervisory indifference or tacit authorization of subordinates misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care." Id. at 798 (quoting Slankan, 737 F.2d at 372-73). "[L]iability ultimately is determined 'by pinpointing the persons in the decisionmaking chain whose deliberate indifference permitted the constitutional abuses to continue unchecked.'" Id. at

798 (quoting Slakan, 737 F.2d at 376). In order to establish supervisory liability under § 1983, a plaintiff must demonstrate:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices,"; and (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

Id. at 799 (citations omitted). In support of his argument, Williams states that Johnson was made aware of these violations through appeals to denials of grievances that Williams filed. Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985) (recognizing that notice through a letter may suffice to prove personal involvement of supervisory officials in ongoing constitutional violations). To the extent that the allegedly poor ventilation system, unclean water, lack of opportunity to exercise, "deprivation of basic sanitation" and materials for personal hygiene, and excessive heat at NCC relate to ongoing constitutional violations that defendant Johnson was made aware of, Williams has plausibly stated a claim for which Johnson may be liable.

### III. Conclusion

For the above stated reasons, the complaint must be dismissed with prejudice with the exception of the claim for cruel and unusual punishment against defendant Gene Johnson. An appropriate Order shall issue.

Entered this 11th day of April 2011.

Alexandria, Virginia

T. S. Ellis, III
United States District Judge

10